IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CARMEN HAMPLEMAN, | ) |
| | ) |
| | ) Case No. CIV-2021- |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) ATTORNEY LIEN CLAIMED |
| 1. TJT ENTERPRISES LLC, | ) |
| | ) |
| 2. JEWELED AFFAIRS LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**COMES NOW THE PLAINTIFF**, Carmen Hampleman, and pleads as follows:

**PARTIES**

1. The Plaintiff is Carmen Hampleman,[1] an adult female resident of Butler County, Missouri.

2. The Defendants are TJT Enterprises LLC (hereinafter "TJT Enterprises") and Jeweled Affairs LLC (hereinafter "Jeweled Affairs"), both domestic limited liability companies doing business in Tulsa County, Oklahoma.

**JURISDICTION & VENUE**

3. Plaintiff's claims are for gender discrimination in the form of sexual harassment and retaliatory termination after Plaintiff opposed harassment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 through §2000e-5, *inter alia*.

---

[1] During the relevant time period the Plaintiff's legal name was Carmen Jackson.

4.  Defendant's principal office is in either the county of Tulsa or the county of Rogers, both of which are counties within the Northern District of Oklahoma. Accordingly, venue is proper under 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

5.  Defendants, jointly and/or separately, employed at least fifteen emplyees for at least 20 weeks in the current or proceeding calendar year and are employers as defined Title VII.

6.  The Plaintiff was employed by both Defendants from around May 2019 until around July 30, 2020.

7.  Plaintiff received paychecks and W-2 forms from both Defendants, with each Defendant representing to taxing authorities that they employed the Plaintiff.

8.  Tommy Thompson (male) is the owner of both Defendants.

9.  To Plaintiff's knowledge and belief:

    A.  Mr. Thompson managed and supervised the employees of both Defendants, including the Plaintiff;

    B.  Defendant Jeweled Affairs is a subsidiary of Defendant TJT Enterprises.

    C.  Defendants share the same headquarters in Broken Arrow, Oklahoma.

    D.  Defendants' headquarters shares the same computers, fax machines and other equipment which are used to run both defendant companies;

    E.  Shared the same payroll department and human resources departments, whose personnel performed the payroll and HR services for both defendants.

10. For the reasons discussed above, the defendants constitute an integrated enterprise and are jointly and/or severally liable for the claims herein.

11. During her employment with Defendants the Plaintiff held the job title of Director of Marketing and Events and also acted as a consultant.

12. During all periods of her employment the Plaintiff was qualified for her job and performed satisfactorily.

13. Around April 2020 Plaintiff began rejecting sexual advances made by Mr. Thompson.

14. For instance, around this time Mr. Thompson would ask Plaintiff to go on a personal vacation with him for the purpose of carrying on a sexual relationship. Plaintiff would refuse Mr. Thompson's advances and tell Mr. Thompson she did not want to carry on the sexual relationship with him.

15. Thereafter Mr. Thompson began to retaliate against Plaintiff, including overriding sales made by Plaintiff on behalf of Defendants, which resulted in Plaintiff not receiving commissions for the sales.

16. Around the end of June 2020 or the beginning of July 2020 Plaintiff told Mr. Thompson that she felt Mr. Thompson was retaliating against her because she would not agree to continue a sexual relationship with him (Thompson). In response, Mr. Thompson acknowledged he was angry at Plaintiff for her refusal and told Plaintiff to stop "pissing [Thompson] off" by continuing to refuse his sexual advances.

17. Mr. Thompson terminated Plaintiff's employment around July 30, 2020.

18. During the conversation terminating her employment, Mr. Thompson told Plaintiff she "did a good job", but implied that he did not want to work with the Plaintiff if they could not carry on a sexual-type relationship.

19. To Plaintiffs' knowledge, Mr. Thompson did not insist that a male employee carry on a sexual relationship with him as a condition of his employment.

20. As a direct result of the Defendants' conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including worry, frustration, embarrassment and similar unpleasant emotions.

21. But-for causes of the termination include Plaintiff's gender and/or her refusal to continue a sexual relationship with Defendant and/or her rejection of the sexual advances made by Mr. Thompson.

22. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on November 18, 2020. The EEOC issued Plaintiff her right to sue letter on January 11, 2021 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of the letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

23. Sexual harassment in the form of quid pro quo harassment is a violation of Title VII.

24. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

25. Because the conduct of Defendant was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

26. Retaliation after Plaintiff opposed sexual harassment is a violation of Title VII.

27. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

28. Because the conduct of Defendant was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF FEBRUARY 2021.**

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue

5

        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Email: amber@hammonslaw.com
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED
        *Counsel for Plaintiff*