UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARMEN HAMPLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 21-CV-85-TCK-SH |
| TJT ENTERPRISES, LLC, et al., | ) |
| | ) |
| Defendants | ) |

**OPINION AND ORDER**

Before the Court is the Joint Rule 12(b)(6) Motion to Dismiss (Doc. 15), or in the Alternative Motion for Summary Judgment (Doc. 16), filed by defendants TJT Enterprises, LLC (TJT) and Jeweled Affairs, LLC (Jeweled Affairs, and collectively, Defendants). Plaintiff opposes Defendants' motions, filing a Response to the Motion to Dismiss (Doc. 22) and a Response to the Motion for Summary Judgment (Doc. 23). Defendants filed a Reply to each of Plaintiff's responses (Docs. 26, 27), and Plaintiff's Surreply to Defendants' Motion for Summary Judgment (Doc. 31) was filed after having received leave of Court (Doc. 30).

**I. BACKGROUND**

Plaintiff Carmen Hampleman (Plaintiff) was a female employee of Defendants from roughly May 2019 until July 30, 2020. During that time, Plaintiff states that she held the Director of Marketing position for Defendants and also acted as a consultant. (Doc. 1 at 3). Defendants are both limited liability companies headquartered in Broken Arrow, Oklahoma. (*Id.* at 1-2). While the Complaint does not describe the type of business Defendants are engaged in, Defendant Jeweled Affairs describes itself as a company that manages the Thompson Mansion, which is a wedding and event venue, and Defendant TJT is a "property owner and management company for various other assets." (Doc. 15 at 3). According to the Complaint, Defendant Jeweled Affairs is a

subsidiary of Defendant TJT Enterprises, which are both owned by Tommy Thompson (Thompson), who Plaintiff alleges "managed and supervised employees of both Defendants." (Doc. 1 at 2).

Around April 2020, Plaintiff alleges that Thompson, a male, began making unwanted sexual advances on Plaintiff, which Plaintiff rejected. (*Id.* at 3). Specifically, Plaintiff states that, on one occasion around this time, Thompson asked Plaintiff to go on personal vacations with him "for the purpose of carrying on a sexual relationship." (*Id.*) Plaintiff rebuffed Thompson's efforts, and consequently, Thompson began to retaliate against Plaintiff by overriding Plaintiff's sales, resulting in Plaintiff not receiving commissions for her sales. (*Id.*) When Plaintiff confronted Thompson about his retaliatory actions, Thompson allegedly acknowledged that his actions were in response to Plaintiff's refusal of his sexual advances. (*Id.*) Thompson eventually terminated Plaintiff's employment with Defendants around July 30, 2020, telling Plaintiff that "she did a good job," but implied that Plaintiff could not be employed unless she was having a sexual relationship with him. (*Id.* at 3-4).

Plaintiff exhausted her administrative remedies, timely filing an EEOC charge of discrimination on November 18, 2020 and receiving notice of her right to sue from the EEOC on January 11, 2021. (*Id.* at 4). On February 26, 2021, within ninety days of the EEOC Notice of Right to Sue, Plaintiff filed suit, asserting claims against Defendants for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII). (*Id.* at 4-5). Defendants jointly filed a combined Motion to Dismiss (Doc. 15), or in the Alternative Motion for Summary Judgment (Doc. 16).

With respect to their Motion to Dismiss, Defendants argue that the Complaint should be dismissed because it fails to state a claim upon which relief may be granted under Fed. R. Civ. P.

12(b)(6). Specifically, Defendants contend that they are not an "employer" for purposes of Title VII because they did not employ the requisite 15 employees—either jointly or individually—for 20 or more calendar weeks during the current or preceding year. (Doc. 15 at 7-8). Additionally, Defendants maintain that Plaintiff was an independent contractor, rather than employee, and thus, Plaintiff may not assert a claim against Defendants under Title VII. (*Id.* at 9-13). Plaintiff counters that her Complaint alleges facts sufficient to satisfy the Title VII employee-numerosity requirement as well as her status as Defendants' employee; and given that her factual allegations are assumed as true under Rule 12(b)(6), any disputed facts regarding these issues must be resolved in her favor. (Doc. 22).

## II. MOTION TO DISMISS LEGAL STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted) (alteration original). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. DISCUSSION

Defendants raise two grounds for dismissal in their Motion to Dismiss: 1) that they are not an "employer" for purposes of Title VII liability; and 2) that Plaintiff was an independent contractor, not an "employee" of Defendants. (Doc. 15 at 7-13). Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C.A. § 2000e(b). An "employee" is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f). The Supreme Court has held that, while the employee numerosity requirement is an element that a plaintiff has the burden to establish, it is not jurisdictional. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "As with the fifteen-or-more employees requirement addressed in *Arbaugh*, there is no indication that Congress considered employee status to be a threshold jurisdictional requirement," and thus, a plaintiff is "not required to prove [employment] as a threshold jurisdictional requirement." *Xie v. Univ. of Utah*, 243 F. App'x 367, 371–72 (10th Cir. 2007).[1] A salient consequence of this distinction, as both the

---

1. Unpublished decisions are not precedential but may be cited for their persuasive value. *See* Fed. R. App. 32.1: 10th Cir. R. 32.1.

*Arbaugh* and *Xie* Courts have explained, is that resolution of contested facts regarding those issues rests with the jury, rather than the judge. *Arbaugh*, 546 U.S. at 514; *Xie*, 243 F. App'x at 372.

In this case, while Plaintiff bears the burden of proving both employee-numerosity as well as her employment by Defendants, those issues are elements that concern the merits of Plaintiff's claims, rather than threshold jurisdictional questions. Thus, unless Plaintiff fails to plead facts sufficient to plausibly establish the elements of her claim, conflicting factual allegations will be resolved in her favor.

### A. Employee Numerosity

The Complaint alleges that "Defendants, jointly and/or separately, employed at least fifteen employees for at least 20 weeks" in the current or preceding calendar year. (Doc. 1 at 2). From this, the Complaint concludes that Defendants "are employers as defined [by] Title VII." (*Id.*) Defendants argue that the Complaint's factual allegations regarding employee numerosity are not entitled to an assumption of truth because they merely restate the statutory language of the numerosity element; therefore, Defendants contend, Plaintiff has failed to plausibly establish that Defendants individually or separately employed more than 15 employees during the relevant time period. (Doc. 27 at 4-7). Defendants take particular exception to Plaintiff's allegation that Defendants employed at least 15 employees "jointly and/or separately," without elaborating on the number of employees Plaintiff believes each Defendant employs. (*Id.* at 6). Defendants then attempt to analogize the employee numerosity allegations in the Complaint to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), where the plaintiff alleged that cabinet-level officers had condoned and ratified detention polices based on racial discrimination. (*Id.* at 5-6).

The Court is not persuaded by Defendants' arguments. The pleading requirements under Rule 8 do not demand specific facts, as Defendants suggest; rather, the "statement need only give

5

the defendant fair notice of what the . . . the claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration original)). Plaintiff believes that Defendants employed 15 employees during the relevant time period—either individually or in the aggregate.[2] The Court cannot say that Plaintiff's allegations regarding the number of Defendants' employees "are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). Moreover, if Defendants wish to defend against Plaintiff's claims by proving they have less than 15 employees, they "presumably ha[ve] the information necessary to do so." *Capers v. Samson Dental Partners LLC*, No. 18-2531-JAR-TJJ, 2019 WL 858749, at *3 (D. Kan. Feb. 22, 2019) (denying motion for more definitive statement, even where complaint failed to plead any facts related to employee numerosity). While Defendants have already endeavored to prove they had less than 15 employees in the aggregate during the relevant time period, that is an issue for the factfinder to resolve. *Arbaugh*, 546 U.S. at 514.

### B. Plaintiff's Employment

Defendants challenge the sufficiency of Plaintiff's allegations regarding her employment with Defendants, arguing that under the prevailing Tenth Circuit employee-independent contractor test, receiving paychecks and W-2 forms is not dispositive of an employment relationship. (Docs. 15 at 9-11; 26 at 7-9). Thus, by relying exclusively on this fact, Defendants contend that Plaintiff

---

2. The Tenth Circuit has recognized that "[i]n some circumstances, courts may treat separate entities as a joint or single employer" for the purpose of aggregating employees to satisfy the numerosity requirement under Title VII. *Avington v. Metro. Tulsa Urb. League*, 603 F. App'x 662, 664 (10th Cir. 2015) (unpublished) (citing *Knitter v. Corvias Mil. Living, LLC*, 784 F.3d 1214, 1225-27 (10th Cir. 2014)). Plaintiff in this case has pleaded alternative theories under both the joint employer test and the single employer test.

has failed to plausibly establish that Defendants "controlled the means and manner of [her] work," as is required under Tenth Circuit precedent. (Doc. 26 at 8).

"Depending on the situation, [the Tenth Circuit] chooses among three different tests to determine whether a defendant is an employer depending on the situation: (i) the hybrid test; (ii) the joint employer test; and (iii) the single employer test." *Knitter*, 758 F.3d at 1225–26. The hybrid test is "commonly use[d] . . . to differentiate employees and independent contractors." *Id.* at 1226. Among the factors evaluated under the hybrid test, courts should consider whether the work is done under the direction of a supervisor, the method of compensation, the manner in which the work relationship is terminated, and whether the 'employer' pays social security taxes. *Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 305 (10th Cir. 1992). While there are more factors to consider under the hybrid test, no single factor is dispositive, and the central focus of the inquiry is the "employer's right to control the means and manner of the worker's performance." *Id.*

Here, the Complaint states that "Plaintiff was employed by both Defendants from around May 2019 until around July 30, 2020," adding that she "received paychecks and W-2 forms from both Defendants" and that both Defendants represented to tax authorities that they employed Plaintiff. (Doc. 1 at 2). She further supports her claim that she was employed by Defendants by alleging that she "held the title of Director of Marketing and Events," and was terminated from her employment by Thompson. (Doc. 1 at 3). The Court finds that, accepting the facts as true, Plaintiff has pleaded sufficient factual content under the hybrid test to plausibly establish an employment relationship with Defendants, either jointly or as an integrated enterprise. While Defendant contests a number of the facts that Plaintiff alleges with respect to her termination, job title, and Thompson's management and supervision over employees, those are factual disputes that should

not be resolved at the motion to dismiss stage of the litigation. Accordingly, Defendants' Motion to Dismiss (Doc. 15) is **DENIED**.

### IV.  MOTION FOR SUMMARY JUDGMENT

In the alternative to their Motion to Dismiss, the Defendants request that the Court grant summary judgment in their favor, arguing the same two grounds as their Motion to Dismiss, namely that they are not an "employer" and Plaintiff was not their "employee" for purposes of Title VII liability. (Docs. 16, 27). Defendants' Motion for Summary Judgment attempts to refute the Complaint's factual allegations by including a Declaration of Debra L. Jones, the Chief Financial Officer of TJT and Jeweled Affairs. (Doc. 15-1). Defendants supplement the evidence in support of their Motion for Summary Judgment in their Reply (Doc. 27), attaching numerous TJT and Jeweled Affairs payroll records, (Doc. 27-1). The Court notes that Defendants' Motion for Summary Judgment was filed in advance of discovery or the Court's entry of a scheduling order. Plaintiff's counsel responded by submitting an affidavit pursuant to Federal Rule of Civil Procedure 56(d), stating that Plaintiff needs discovery on the issues raised in Defendants' Motion before responding.

Under Rule 56(d), summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). The protection under Rule 56(d) arises if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion. *Id.*

The Court concludes, based on a review of the record, that Defendants' Motion for Summary Judgment was prematurely filed. Defendants' Motion relied entirely on a declaration of their Chief Financial Officer, Debra L. Jones, and Plaintiff has no meaningful ability to assess the

Declaration without discovery of Defendants' records. Given that the fact-intensive nature of the two issues raised in Defendants' Motion, Plaintiff should be able to conduct her own investigation into Defendants' records prior to responding to Defendants' Motion. Accordingly, Defendants' Motion for Summary Judgment (Doc. 16) is **DENIED** without prejudice to refiling when discovery is complete.

**SO ORDERED** this 28th day of September, 2022.

TERENCE C. KERN
United States District Judge